FILED

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

02 JUN 11 PM 3: 44

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **ALFONZIA HAWKINS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **CASE NO. CV 01-B-1377-NW** |
| | } | |
| **WISE ALLOYS, LLC,** | } | |
| | } | |
| **Defendant.** | } | |

ENTERED

JUN 1 1 2002

### MEMORANDUM OPINION

This case is before the court on defendant Wise Alloys, LLC's Motion for Summary Judgment filed March 29, 2002. The plaintiff did not file a response in opposition to the defendant's motion. Upon consideration of the record, and the relevant law, the court is of the opinion that defendant's motion is due to be granted.[1]

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere

---

[1] At oral argument on the motion, plaintiff's counsel conceded that summary judgment was due to be granted in favor of the defendant.

1h

> allegations or denials of the adverse party's pleading, but the
> adverse party's response . . . must set forth specific facts showing
> that there is a genuine issue for trial.  If the adverse party does not
> so respond, summary judgment, if appropriate, shall be entered
> against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion

goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court

concludes that there is no genuine issue as to any material fact, and defendant is entitled to a

judgment as a matter of law.  Plaintiff has not come forward with **any** evidence, much less

evidence showing a dispute as to any factual contention of plaintiff.  Thus, plaintiff has failed to

meet their burden "to go beyond the pleadings and . . . designate 'specific facts showing that

there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324.  Consequently, the court holds that

defendant's Motion for Summary Judgment is due to be granted.

An Order and Judgment in accordance with this Memorandum Opinion will be entered

contemporaneously herewith.

**DONE** this   11th   day of June, 2002.


SHARON LOVELACE BLACKBURN
United States District Judge

2